UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09422-CAS-FFM | Date | June 13, 2016 |
|---|---|---|---|
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION TO DISMISS PLAINTIFF'S ADEA CLAIM AND REMAND TO STATE COURT

## I. INTRODUCTION & BACKGROUND

On October 30, 2014, plaintiff initiated the instant action against the International Academy of Film and Television ("IAFT"), Michael Gleissner ("Gleissner"), and Does 1 through 10 (collectively, "defendants") in Los Angeles County Superior Court. Dkt. 1-1, "Compl." Plaintiff asserted claims against defendants for: (1) Breach of Contracts/Failure to Pay Wages in violation of the California Labor Code § 203; (2) Failure to Reimburse Employer Expenses in violation of the California Labor Code § 2802; (3) Violations of California Labor Code § 970; (4) Wrongful Termination and Age Discrimination in violation of the Federal Age Discrimination in Employment Act of 1967 ("ADEA"); (5) Wrongful Termination—Whistleblowing/Retaliation; (6) Declaratory Relief/Accounting; and (7) Exemplary Damages. Id. On December 8, 2014, defendants removed this action to this Court on the basis of federal question jurisdiction. Dkt. 1. Specifically, defendants asserted that this Court had original jurisdiction based on plaintiff's ADEA claim. Id. ¶ 5.

On May 6, 2016, plaintiff filed the instant motion to dismiss his ADEA claim and remand this case to California state court. Dkt. 46. On May 16, 2016, defendants filed an opposition, Dkt. 47, and, on May 20, 2016, plaintiff filed a reply, Dkt. 48. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09422-CAS-FFM | Date | June 13, 2016 |
|---|---|---|---|
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

"If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." ARCO Envtl. Remediation v. Dep't of Health & Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). If the case was properly removed on the basis of federal question jurisdiction the state law claims arising out of a "common nucleus of operative fact" fall within the federal court's supplemental jurisdiction. See 28 U.S.C. § 1367(a); United Mine Workers of America v. Gibbs, 383 U.S. 715, 725(1966). If the federal claims that served as the basis for removal are eliminated, the district court has discretion to decline to exercise its supplemental jurisdiction and to remand the remaining state law claims to state court. 28 U.S.C. § 1367(a); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991).

## III. ANALYSIS

In the instant motion, plaintiff requests that the Court dismiss his ADEA claim and remand the remainder of this action to California state court. Plaintiff states that, in light of discovery conducted by the parties, he no longer believes that he can maintain his ADEA claim and therefore moves to voluntarily dismiss this claim. Defendants do not object to plaintiff's request to dismiss his ADEA claim. Accordingly, the Court GRANTS plaintiff's motion to dismiss his fourth claim for wrongful termination and age discrimination in violation of the ADEA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | 2:14-cv-09422-CAS-FFM | Date | June 13, 2016 |
|---|---|---|---|
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

However, as stated above, the only basis for asserting federal question jurisdiction in this case was plaintiff's ADEA claim. Accordingly, the Court must now determine whether it will exercise its discretion to assert supplemental jurisdiction over plaintiff's remaining claims or whether it will remand this action to state court. A district court may "decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(4). In general, the Supreme Court has advised that, absent another ground for federal subject matter jurisdiction, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (footnote omitted); see also Hodge v. Mountain States Tel. & Tel. Co., 555 F.2d 254, 261 (9th Cir. 1977) ("In light of our disposition of the federal claims, we feel that it is appropriate to remand the state law claims to the district court with instructions to dismiss for want of federal jurisdiction."). Nonetheless, "the district court's decision to remand remains discretionary and is dependent upon what will best accommodate the values of economy, convenience, fairness, and comity." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (citations omitted).

Considering these values, the Court determines that it is appropriate for the Court to retain jurisdiction over the instant action.[1] In particular, the Court finds that remanding this action may result in significant delay for the parties. This action has been pending for over a year and a half, the parties have nearly completed discovery, and a trial is currently scheduled to begin in less than five months. Were the Court to decline jurisdiction and remand this action, the parties would need to request a new trial date from the state court, which could delay this action by over a year. Particularly given that this case has already been pending for some time, the Court finds that such a delay would be unduly prejudicial to defendants. See also Millar v. Bay Area Rapid Transit Dist., 236 F, Supp. 2d 1110, 1114 (N.D. Cal. 2002) (noting that "[o]ne source of potential prejudice

---

[1] The Court initially indicated, in its tentative ruling, that it was inclined to grant plaintiff's motion to remand. However, upon hearing oral argument from the parties, the Court concludes that it is more appropriate to retain jurisdiction over this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-09422-CAS-FFM | Date | June 13, 2016 |
|---|---|---|---|
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

to the defendant [from remanding action] is the possibility of delay in obtaining a trial date.").[2]

Accordingly, in the interests of economy, convenience, fairness, and comity the Court determines to retain jurisdiction over this action.

### IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to dismiss his fourth claim for wrongful termination and age discrimination in violation of the ADEA and **DENIES** plaintiff's motion to remand.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[2] At the hearing, counsel for plaintiff informed the Court that defendant Gleissner has recently initiated an action against plaintiff in Florida state court. The Court initially expressed concern that this action might be in the nature of a compulsory counterclaim and would, therefore, result in a delay of the current trial date regardless of whether the Court granted plaintiff's motion to remand. However, upon review of the complaint in the Florida action, Dkt. 55, the Court finds that, while that action involves the same parties as the instant action, it concerns a substantively distinct claim for breach of contract. Accordingly, it appears that Gleissner's action in Florida state court is not in the nature of a compulsory counterclaim. See also Fed.R.Civ.P. 13(a)(1)(A) (A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims.")