UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09422-CAS(FFMx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 58, filed June 17, 2016)

On October 30, 2014, plaintiff initiated the instant action against the International Academy of Film and Television ("IAFT"), Michael Gleissner ("Gleissner"), and Does 1 through 10 (collectively, "defendants") in Los Angeles County Superior Court.  Dkt. 1-1, "Compl."  Plaintiff asserted several state law claims against defendants and one federal claim pursuant to the Age Discrimination in Employment Act ("ADEA").  Id.  On December 8, 2014, defendants removed this action to this Court on the basis of federal question jurisdiction.  Dkt. 1.  Thereafter, on May 6, 2016, plaintiff moved to voluntarily dismiss his ADEA claim and asked the Court to decline to exercise supplemental jurisdiction over his remaining state law claims and remand this action to state court.  Dkt. 46.  While the Court granted plaintiff's motion to dismiss his ADEA claim, the Court determined to retain supplemental jurisdiction over his state law claims and denied plaintiff's motion to remand.  Dkt. 57.  The Court reasoned as follows:

> [T]he Court determines that it is appropriate for the Court to retain jurisdiction over the instant action . . . In particular, the Court finds that remanding this action may result in significant delay for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-09422-CAS(FFMx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

> parties. This action has been pending for over a year and a half, the parties have nearly completed discovery, and a trial is currently scheduled to begin in less than five months. Were the Court to decline jurisdiction and remand this action, the parties would need to request a new trial date from the state court, which could delay this action by over a year. Particularly given that this case has already been pending for some time, the Court finds that such a delay would be unduly prejudicial to defendants.

Id., at 3.

In addition, at the hearing on plaintiff's motion, counsel for plaintiff informed the Court that defendant Gleissner had recently filed suit against plaintiff in Florida state court. The Court expressed concern that if this Florida suit were in the nature of a compulsory counterclaim it might result in further delay of this action regardless of whether the action was remanded to state court. Plaintiff's counsel offered to lodge the complaint in the Florida suit with the Court and, upon the Court's review of the complaint, it determined that the Florida suit was "not in the nature of a compulsory counterclaim." Dkt. 57, at 4 n.2. Plaintiff now contends that the Court committed an error in that the Florida suit *is*, in fact, in the nature of a compulsory counterclaim. On this grounds plaintiff asks the Court to reconsider its prior ruling denying his motion to remand. The Court declines to do so.

First and foremost, the Court's prior ruling was not based merely on its conclusion that the Florida suit did not appear to be in the nature of a compulsory counterclaim. Rather, the Court's ruling was principally based on the fact that, by the time plaintiff filed his motion to remand, this action had already been pending for over a year and a half, discovery had been completed, and trial was less than five months away. The Court determined that, given the advanced stage of this litigation, it would be unfair to defendants to remand this action to state court thus requiring the parties to apply for a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-09422-CAS(FFMx) | Date | July 11, 2016 |
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

new trial date in state court. In his motion, plaintiff does not contend that any of these facts have changed or even address them.

Second, even assuming *arguendo*, that the Florida suit is in the nature of a compulsory counterclaim, there is no indication in plaintiff's papers that any of the parties to that action have filed—or are even considering filing—a motion to dismiss that action or to transfer it to this Court. Indeed, plaintiff provides almost no information regarding the progress of the Florida suit. Accordingly, plaintiff's contention that the Florida suit will cause delays in this action is, at best, speculative.[1]

Moreover, the Court finds that the existence of the Florida suit is not the proper subject of a motion for reconsideration. Pursuant to the local rules of the Central District of California, a party moving for reconsideration must show: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18. Here, plaintiff was served with the complaint in the Florida suit on April 26, 2016 *before* he filed his motion to remand on May 6, 2016. Thus all of the arguments plaintiff raises in the instant motion could have been raised "in the exercise of reasonable diligence" before the Court ruled on plaintiff's motion to remand. Furthermore, the

---

[1] Plaintiff also argues that, in light of the Florida suit, he will suffer prejudice by having "to prosecute and defend actions in two venues 3,000 miles apart." Mot., at 4. But remanding plaintiff's action to state court would not cure this purported prejudice. Even if the Court were to remand this action to California state court, plaintiff would still be required to litigate actions in "two venues 3,000 miles apart."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-09422-CAS(FFMx) | Date | July 11, 2016 |
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

parties discussed the Florida suit at the hearing on plaintiff's motion and the Court referred to the Florida suit in its ruling. Thus, plaintiff cannot demonstrate a "manifest showing of a failure to consider material facts presented to the Court." See also id. ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.")

For all of these reasons, the Court finds no basis to reconsider its prior ruling and plaintiff's motion is **DENIED**.[2]

---

[2] Plaintiff requests, in the alternative, that he be permitted to amend his complaint to seek indemnification of employee expenses pursuant to California Labor Code section 2802. In particular, plaintiff states that he should "be allowed to obtain damages for being sued in Florida by Geisner arising out of his activities as the COO for IAFT." Mot., at 7. However, section 2802 is inapplicable to this situation. Section 2802, provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

Cal. Labor Code § 2802. Nonetheless, the California Court of Appeal has held that, in enacting section 2802, the California Legislature did not "intend[ ] to depart from the usual meaning of the word 'indemnify' to address 'first party' disputes between employers and employees." Nicholas Laboratories, LLC v. Chen, 199 Cal. App. 4th 1240, 1251 (Cal. Ct. App. 2011). To this end, Courts have found that "[a]n employee . . . cannot seek indemnification for the costs of defending himself against a lawsuit by his employer under Section 2802." Warner v. Sims Metal Mgmt., 2013 WL 4777314, at *2 (N.D. Cal. Sept. 6, 2013) (Alsup, J.); see also Thornton v. California Unemployment Ins.

```
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-09422-CAS(FFMx) | Date | July 11, 2016 |
|---|---|---|---|
| Title | JAMES YORK V. INTERNATIONAL ACADEMY OF FILM AND TELEVISION, LLC, ET AL. | | |

IT IS SO ORDERED.

                     00 : 00

Initials of Preparer     CMJ

---

Appeals Bd., 204 Cal. App. 4th 1403, 1420 (Cal. Ct. App. 2012) ("courts that have held an employer has a duty to reimburse an employee for defense costs under Labor Code section 2802 have done so *only* when the employee was sued by a third party . . . In contrast, an employee sued by his employer is not entitled to reimbursement for the costs of successfully defending against the lawsuit . . .") (emphasis in original). Accordingly, the Court DENIES plaintiff's request for leave to amend his complaint.